IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEAN SMITH, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| THE CBE GROUP, INC., | ) ) |
| Defendant. | ) ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Jean Smith brings this action to secure redress from unlawful collection practices engaged in by defendant The CBE Group, Inc. ("CBE"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union,*

1

*LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because CBE's collection communications impacted plaintiff in this District.

## PARTIES

9. Plaintiff Jean Smith is a resident of Wheeling, Illinois.

10. Defendant CBE is an Iowa corporation with offices at 1309 Technology Parkway, Cedar Falls, IA 50613. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL. 62703.

11. CBE is engaged in the business of using the mails and telephone system to collect consumer debts owed to others.

12. Defendant CBE is a debt collector as defined in the FDCPA.

13. Defendant CBE holds a collection agency license from the state of Illinois.

## FACTS

14. On or about August 29, 2018, plaintiff received the e-mail communication attached as Exhibit A from defendant.

15. Exhibit A sought to collect a debt incurred for personal, family or household purposes and not for business purposes.

16. Exhibit A is the first communication plaintiff received from defendant.

17. Exhibit A is a form communication which defendant uses as the initial communication to a consumer.

18. The visible text of Exhibit A does not contain any of the information described in

15 U.S.C. §1692g.

19. Exhibit A request that the consumer open an attached .pdf file.

20. Plaintiff did not wish to open a .pdf file sent by a party with whom she had no prior relationship because she was concerned it was a malicious communication containing malware.

21. Plaintiff had not authorized the sending of electronic communications to her by CBE Group pursuant to 15 U.S.C. §7001 or otherwise.

22. The visible text of Exhibit A did not identify any person besides CBE Group on whose behalf it was sent, so that plaintiff was not able to determine that it was sent on behalf of anyone with whom she had a relationship.

23. Distributing malware inside Adobe .pdf documents is a popular method for attackers to compromise systems. Because a .pdf file is an open file format, it is very easy to attach almost any type of malicious file, such as computer viruses, worms, Trojan horses and spyware.

24. Accordingly, Government agencies warn the public against opening attachments to unsolicited emails. https://www.consumer.ftc.gov/articles/0011-malware; https://postalinspectors.uspis.gov/radDocs/consumer/SpamAlert.pdf.

25. CBE Group did not send any other communication that contained the information required by 15 U.S.C. §1692g and that did not require opening an attached computer file prior to or within 5 days after Exhibit A.

## COUNT I – FDCPA

26. Plaintiff incorporates paragraphs 1-25.

27. CBE violated 15 U.S.C. §1692g by requiring plaintiff to open an attachment to an unsolicited email to obtain the disclosures required thereby. *Lavallee v. Med-1 Solutions, LLC*, 1:15-cv-01922-DML-WTL, 2017 WL 4340342 (S.D.Ind., Sept. 29, 2017).

## CLASS ALLEGATIONS

28. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

29. The class consists of (a) all individuals with Illinois addresses (b) to whom defendant sent an email communication similar to Exhibit A as its initial communication (c) and did not provide the information described in 15 U.S.C. §1692g by postal mail or other communication not requiring the opening of an attached computer file within 5 days after the initial communication (d) which email was sent at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

30. On information and belief, based on the sending of a form email, the class exceeds 40 in number and is so numerous that joinder of all members is not practicable.

31. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendant complies with 15 U.S.C. §1692g when it requires the consumer to open a computer file attached to an unsolicited email to obtain the information described in §1692g.

32. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

33. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

34. A class action is superior for the fair and efficient adjudication of this matter, in that:

  a. Individual actions are not economically feasible.

  b. Members of the class are likely to be unaware of their rights;

  c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

      i.      Statutory damages;

      ii.      Attorney's fees, litigation expenses and costs of suit;

      iii.      Such other and further relief as the Court deems proper.

                            <u>s/Daniel A. Edelman</u>
                              Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
David S. Kim
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

T:\35414\Pleading\Complaint DAE_Pleading.WPD

## NOTICE OF LIEN AND ASSIGNMENT

    Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

    /s/ Daniel A. Edelman
    Daniel A. Edelman

**DOCUMENT PRESERVATION DEMAND**

      Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                                                            s/Daniel A. Edelman
                                                            Daniel A. Edelman